Reed, P. J.,
delivered the opinion of the court.
Appellants contend, first, that the court erred in overruling their demurrer to the complaint; second, in disregarding their motion for a nonsuit, and awarding judgment. The latter contention may be the first disposed of. Counsel for appellants elected to stand by the demurrer. Consequently there was no answer nor plea. Having held the complaint sufficient, all that remained was to establish by competent proof the damages to which each of the plaintiffs joined in the suit was entitled, and the aggregate of such findings. The right of defendants’ counsel to participate in subsequent proceedings was confined to the right of cross-examining witness, and keeping the damages being assessed within legal limits. After the assessment of damages, we cannot recognize the right of counsel to move for a nonsuit on the merits of the case. Substantially the same questions were presented and relied upon on the motion for a.nonsuit as upon the demurrer, and if there was not sufficient evidence to entitle plaintiffs to judgment, the court erred in entering it, and the error would be reached by an exception; but it seems to be unimportant *539 whether the lack of proper evidence was called to the attention of the court by a motion for a nonsuit, or in some other manner, or its attention called to it at all. If the evidence was not sufficient to entitle plaintiffs to judgment, it was unwarranted and erroneous, either with or without an answer. Appellant’s counsel contends, not that the allegations in the complaint were not properly pleaded, but that it lacked material allegations, without which no recovery could be had. The motion for a nonsuit is in the same direction, — that no judgment could be allowed for failure of proof of certain facts deemed essential, which were not alleged in the complaint. Hence a disposition of the questions presented by the demurrer, of necessity, disposes of those raised by the motion.
The questions raised by demurrer and the sufficiency of the complaint are not so easily disposed of. The bond is in statutory form, and the part necessary to be considered by this court is the following: After providing for the sale of personal property, and the examination and allowance of the accounts of the administrator, he, the administrator, “ shall deliver and pay unto such person or persons, respectively, as may be legally entitled thereto.”
The action is brought against the administrator and his sureties. The following is section 4808, Mills’ Stats. (Gen. Stats. 3633) : “If any executor or administrator shall fail to comply with the provisions of this chapter, or shall fail to comply with any or all of the covenants in his bond, an action may be forthwith instituted upon such bond, and the failure aforesaid shall be sufficient breach to authorize a reeoveiy, in the same manner as though a devastavit had been previously established against such executor or administrator.” Devastavit, as defined by the books and legal lexicographers, is a wasting of the estate, — a misapplication of the assets. And, although in modern practice and under the statutes of this state it is not necessary, as formerly, that the devastavit be previously established in order to charge the principal and sureties in the bond, it is clear that the action cannot be main *540 tained against the sureties unless the facts alleged, if proven, amount to and establish the devastavit.
The respective claims were allowed by the probate court, and, by the statute, such allowance made them judgments, to be paid by the administrator. It is alleged in the complaint, and the allegations established by the evidence, that the administrator realized from the assets of the estate $824, and that the claims allowed against the estate, which were in effect judgments, did not exceed in amount $700, showing a margin or difference of $124. By section 4780, Mills’ Stats. (Gen. Stats., sec. 3606), all demands against the estate are divided into four classes, tobe paid according to dignity. It will be observed that of the claims embraced in the judgment, one of $20.00 and one of $40.00, making $60.00, were of the first class, $360.10 of the second class, and $46.20 of the fourth class. The statute provides for costs of administration, and “ all expenses of proving the will and taking out letters testamentary or of administration, and settlement of the estate,” as claims of the second class.
There is no allegation in the complaint that the amount received by the administrator was sufficient to pay all the claims allowed and the costs of administration. The excess of $124 may have been insufficient to cover the expenses of administration, and such expenses, with the claims allowed, may have exceeded the amount received, and, if so, some of the claims on which suit was brought would only be entitled to share pro rata, by order of the court, as provided by section 4795, Mills’ Stats. (Gen. Stats., sec. 3620).
The failure to allege that the fund was sufficient to pay all in full, including costs of administration, left the complaint defective, for without such allegation and proof no judgment could have been allowed.
Whether, without an allegation of an application to the court, and the obtaining of an order upon the administrator to pay the specific debts for which the suit was brought, and a default on his part, the complaint showed a cause of action, *541 is a question we do not find it necessary to decide in this case, but call the attention of counsel to it.
It would seem, from the authorities, that claimants should have exhausted the resources of the court against the administrator to compel payment, and that that could only have been done by an application to the court for an order, the granting of the order and a default. I can find no case where it has been held that sureties were liable unless such proceedings had been had. Many cases are found where it has been held that where funds are shown to have been in the hands of the administrator, and an order for the payment made and disregarded, then a devastavit was established, which was conclusive upon the sureties. In some courts it has been held that a refusal to pay, without an order, did not establish a devastavit and charge the sureties. The better reasoning would seem to be that the administrator is not in default until an order of distribution has been made and disobeyed. If such is the law, a complaint would be insufficient that did not allege such an order and the failure of the administration to comply.
The judgment will be reversed and cause remanded with instructions to the district court to sustain defendant’s demurrer to the complaint, and allow plaintiffs to amend if so advised.

Reversed.